USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/8/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                          :
MONROE BUSSEY,                                            :
                               Petitioner,                :        12-CV-8267 (NSR) (JCM)
            -against-                                     :
                                                          :        MEMORANDUM
DAVID ROCK,[1]                                            :        DECISION
                               Respondent.                :
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

Monroe Bussey ("Petitioner" or "Bussey"), an inmate at the Elmira Correctional Facility, seeks

a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and

Recommendation ("R&R") issued by Magistrate Judge Judith C. McCarthy ("Judge McCarthy"),

pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending the petition be

denied in its entirety. Petitioner has timely filed objections with the Court to the R&R. For the

following reasons, the Court reviews the petition *de novo*, adopts the conclusions of the R&R, and

dismisses the petition.

## STANDARDS OF REVIEW

A.    Habeas Petition Review

When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking

habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United

States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's

findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and

convincing evidence. 28 U.S.C. § 2254(e)(1).

---

[1] The caption has been amended to reflect Petitioner's transfer from the Green Haven Correctional Facility to the
Upstate Correctional Facility.

B.      Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); accord Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)). A district court may also "adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12 Civ. 08270, 2016 WL 67789, (S.D.N.Y. Jan. 4, 2016) quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003).

When a specific objection is made, the court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The objection must be "specific and clearly aimed at particular findings" in the R&R. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Otherwise, the court will review the R&R strictly for clear error "when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Pena v. Rivera*, No. 05 Civ. 3109, 2006 WL 2529771, at *1 (S.D.N.Y. Aug. 31, 2006).

C.      Petitioner's Objections

Petitioner filed timely objections to Judge McCarthy's R&R, thus the Court must undertake *de novo* review of the petition. Petitioner asserts one main claim in his habeas petition and in his objection to Judge McCarthy's R&R. Petitioner asserts the merger doctrine is a recognizable claim for both habeas review and under the Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA"). In summary, Petitioner asserts that the acts constituting kidnapping were similarly relied upon for the felony murder conviction, requiring the merger of the two crimes and the dismissal of the lesser of the two crimes. This Court, however, disagrees with Petitioner's contentions.

Background[2]

Petitioner was convicted after a jury trial, *inter alia*, of two counts of Murder in the Second Degree (Depraved Indifference and Felony Murder) and Kidnapping in the First Degree. The predicate for the Felony Murder conviction was the kidnapping conviction. On the evening of September 3, 2007, in Newburgh, New York, Petitioner and several co-defendants reportedly physically beat their victim, Jeffrey Beary ("Beary"), dragged his severely beaten body a short distance away, wrapped his entire body in a blanket, placed him in the trunk of a car, and drove him approximately eighteen (18) miles away to Poughkeepsie, New York, where he was dumped in a creek and left to die. At his trial, the prosecution proffered medical evidence to demonstrate Beary's death was due to multiple blunt impact trauma to the head and torso. The medical evidence also strongly supported a finding that Beary was alive during the kidnapping: when dragged, wrapped in a blanket, placed in the back of the car, transported upstate and then dumped. Of significance, medical evidence suggested Beary remained alive for a significant amount of time after being badly beaten.

Petitioner appealed his conviction to the New York Supreme Court, Appellate Division, Second

---

[2] Evidence must be viewed in the light most favorable to the state. See, e.g. *Murden v. Artuz*, 497 F.3d 178, 184 (2d Cir 2007).

Judicial Department, which affirmed the judgement. *People v. Bussey*, 82 A.D.3d 1002 (A.D. 2d Dept.).

Petitioner raised two contentions: lack of legal sufficiency to establish the charged crimes and merger.

He argued that the evidence was lacking to support the convictions and the facts supporting the crime of

kidnapping merged, in accordance with the merger doctrine, into the murder charge. *Id.* Providing the

merger doctrine was applicable, dismissal of the kidnapping charge was required. *Id.* The court rejected

Petitioner's arguments and affirmed the convictions for kidnapping in the first degree, felony murder

and depraved indifference murder. *Id* at 1002. Of relevance, the court concluded the acts constituting

the kidnapping were discrete acts. The court analyzed that the physical restraint of the victim, who was

alive prior to the kidnapping, was not a substantive part or element of the other charged crime, murder,

such that the crime of murder could not have been committed without such acts. *Id.* at 1003 (citation

omitted). Thus, concluding the merger doctrine inapplicable to the case.

The New York Court of Appeals granted Petitioner leave to appeal the appellate court's

determination and in a decision, issued May 3, 2012, modified Petitioner's judgment by reducing the

depraved indifference murder conviction to Manslaughter in the Second Degree. *People v. Bussey*, 19

N.Y.3d 231(2012). The Court again rejected Petitioner's contention concerning the merger doctrine,

finding the acts constituting kidnapping were separate from the acts that led to the victim's death. *Id.* at

238 (citations omitted). More precisely, the court determine "the acts subsequent to the

beating—namely, the asportation of the victim and his death during the asportation or prior to his

return—support the separate convictions of kidnapping in the first degree and felony murder." *Id.*

## DISCUSSION

### A.     Merger Doctrine Claim

The merger doctrine was developed by the New York State courts and is "based on an aversion

to prosecuting a defendant on a kidnapping charge in order to expose him to the heavier penalty thereby

made available, where the period of abduction was brief, the criminal enterprise in it entirety appeared

as no more than one offense,..." and the accused conduct lacks a "genuine kidnapping flavor." *People v. Cassidy*, 40 N.Y.2d 763, 765 (citations omitted). Petitioner seeks to vacate his conviction for kidnapping on the basis of the merger doctrine.

It is well settled that federal habeas relief does not lie for state court errors. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Courts in this district have held that claims of violations of New York's merger doctrine are not reviewable on a habeas petition. *Mackenzie v. Portuondo*, 208 F.Supp. 2d 302, 322 (E.D.N.Y.2002) (holding that petitioner's state law merger doctrine claim was not cognizable claim for habeas review); *Dinsio v. Superintendent*, No. 9: 03 Civ. 0780, 2007 WL 4002684, at *12 (N.D.N.Y. Nov. 15, 2007)(Petitioner's claim that the state court misinterpreted the merger doctrine is purely a state court claim and not subject to habeas review); *Aughtry v. Artus*, No. 09 Civ.1026; 2011 WL 2421207, at *5(W.D.N.Y. June 13, 2011)(Petitioner's claim that kidnapping charge should have been dismissed under the merger doctrine is not properly before this court because it does not present a federal constitutional issue). Accordingly, Petitioner's objection under the merger doctrine is without merit and the claim must be dismissed.

B.     AEDPA Applicability

To obtain habeas relief, a petitioner must fully comply with the provision of the AEDPA. 28 U.S.C. § 2254. AEDPA requires that where a state court has adjudicated the merits of a petitioner's federal claim, habeas corpus relief may only be granted on the state court's adjudication: where the decision is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). The AEDPA further provides that a federal court may only review claims provided the petitioner has availed itself to all procedural review in state court. 28 U.S.C. § 2254(b).  A claim is

ripe for federal review under AEDPA provided such claim's review has been exhausted. See, *Jones v. Vacca*, 126 F.3d 408 (2d Cir. 1997). A claim is deemed "exhausted" when its has been fairly presented in the state courts, which occurs when the courts are apprised of both the factual and legal bases for the claim and have enough information to alert them to the claim's federal nature. *Id.* at 413; see also *Chellel v. Miller*, No. 04 Civ. 1285, 2008 WL 3930556, at *4 (E.D.N.Y. Aug. 21, 2008) ("A petitioner must present the substance of a habeas corpus claim to the state court, including its federal constitutional dimension, before a federal habeas court can consider it.").

Petitioner asserts his merger claim is subject to federal habeas review under AEDPA. Such contention, however, is without merit. Since the merger doctrine is a creature developed by New York state courts (*Smith v. West*, 640 F.Supp. 2d 222, 234 n. 3 (W.D.N.Y. 2009), any alleged violation does not create a recognizable claim subject to review pursuant to AEDPA. See *Mackenzie v. Portuondo*, 208 F.Supp. 2d 302, 322 (E.D.N.Y. 2002). Accordingly, petitioner's merger claim pursuant to the AEDPA is not subject to review by this court and must be denied.

C.    Legal Sufficiency

It is well settled, "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense". *Jackson v. Virginia*, 443 U.S. 307, 307 (1979) citing *In re Winship*, 397 U.S. 358, 364 (1970). When a habeas petition challenges the sufficiency of the evidence resulting in the state court conviction, the court must determine whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 312–13 (citation omitted). Such analysis requires the court to consider the evidence in the light most favorable to the prosecution. See *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972). Viewing the evidence in the light most favorable to the prosecution, Petitioner's claim of legal insufficiency fails. Thus, the claim must be denied.

CONCLUSION

For the reasons stated above, after conducting de novo review, this Court adopts Magistrate

Judge McCarthy's R&R in its entirety.  Similarly, all of Petitioner's remaining contentions lack merit.

Thus, the petition for a writ of habeas corpus is DISMISSED.  The Clerk of Court is directed to close

this case.

Dated: December 8, 2016                          SO ORDERED:
      White Plains, New York

                                                    NELSON S. ROMÁN
                                       United States District Judge